---

REID ICE CREAM CO. v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. STREET RAILROADS—SPEED OF CAR—NEGLIGENCE.
     That a street car is run in a city at the rate of 8 or 10 miles an hour in and of itself does not amount to a violation of law.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by the Reid Ice Cream Company against the Interurban Street Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William E. Weaver, for appellant.
Walter E. Warner, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has recovered $100 damages for injuries sustained by one of its trucks in consequence of a collision between that vehicle and an electric car operated by the defendant through Greenwich street, in the borough of Manhattan. The collision occurred about midnight at the intersection of Greenwich street with Warren street, through which the truck approached the car. The theory of the plaintiff's case was that the defendant's motorman was running the car at a high rate of speed— at least 12 miles an hour—and that he was negligent in not having it under proper control as he approached the intersection of Warren street, so that he could avoid collision with vehicles approaching the track through that street. It was conceded to be a matter of no consequence whether the bell on the car was sounded or not, inasmuch as the driver of the truck testified that he saw the car when it was a hundred feet distant. Under the circumstances the speed of the car was a very important element in the case, and it was essential that the jury should be correctly instructed in regard to that subject. The motorman admitted that the car was running at a rate of from 8 to 10 miles an hour

at the time of the accident. Counsel for the defendant at the close of the principal charge requested the learned Municipal Court justice to charge the jury "that, as a matter of law, eight or ten miles an hour is not an unlawful rate of speed." The court refused to give this instruction, and an exception was duly taken. I think the refusal was error, which may well have misled the jury, and which, therefore, demands a reversal.

As was said in Fullerton v. Metropolitan Street R. Co., 37 App. Div. 386, 389, 55 N. Y. Supp. 1068, 1070: "There is no statute which prescribes the rate of speed at which one may run a car through the streets of the city of New York, and therefore, except in extreme cases, it cannot be laid down that to run a car at any given rate of speed in any place constitutes negligence as matter of law." The mere fact, therefore, that the defendant's car was run at the rate of 8 or 10 miles an hour in and of itself did not amount to a violation of law, and the defendant was entitled to have the jury so instructed. Of course, that rate of speed, under all the circumstances of the case, might be deemed excessive, and therefore dangerous and negligent as a matter of fact; but that is a different question. What counsel for the defendant evidently desired to have conveyed to the jury was the proposition that the railroad company could not be deemed to have violated the law merely because its car was running fast just before the accident. See Bittner v. Crosstown St. Railway Co., 153 N. Y. 76, 46 N. E. 1044, 60 Am. St. Rep. 588. This proposition was correct, and should have been charged.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.